**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL TODD ) | |
|     Plaintiff ) | Case No. 11-cv-06259 |
| ) | Judge Robert W. Gettleman |
| v. ) | |
| ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., ) | |
| EQUIFAX INFORMATION SERVICES, LLC ) | |
|     Defendants ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW, Michael Todd, *pro se*, and for his Complaint against the defendants, states as follows:

**PARTIES**

1. Plaintiff, Michael Todd (herein "Todd"), is and was at all relevant times herein a resident of the State of Illinois, County of Cook.

2. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. (herein "EXPERIAN") is an Ohio corporation that routinely conducts business in Cook County, Illinois.

3. Defendant, EQUIFAX INFORMATION SERVICES, LLC (herein "EQUIFAX") is a Georgia limited liability company that routinely conducts business in Cook County, Illinois.

**JURISDICTION AND VENUE**

4. These claims are brought under 28 U.S.C. § 1332 as there exists complete diversity and the amount in controversy exceeds $75,000, exclusive of costs and interests. Jurisdiction is also

proper as 15 U.S.C. § 1681 *et seq.* presents a federal question and as such, jurisdiction arises under 28 U.S.C. § 1331.

5. Plaintiff is a resident of this county, and each defendant has a registered agent in Illinois and regularly conducts business in this district and therefore, venue is properly laid in this Court under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6. Todd is a natural person and resident of the State of Illinois. Todd is a "consumer" within the meaning of the Fair Credit Reporting Act (herein "FCRA") as defined by 15 U.S.C. §1681a(c) and (b).

7. Upon information and belief, KROLL FACTUAL DATA, INC. ("KROLL") is a "person" within the meaning of the FCRA as defined by 15 U.S.C. §1681a(b).

8. Upon information and belief, KROLL is a "consumer reporting agency" within the meaning of the FCRA as defined by 15 U.S.C. §1681a(f) and regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports or investigative consumer reports to third parties.

9. Upon information and belief, KROLL is a "reseller" within the meaning of the FCRA as defined by 15 U.S.C. §1681a(u) and assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party.

10. Upon information and belief, EXPERIAN is a "person" within the meaning of the FCRA as defined by 15 U.S.C. §1681a(b).

11. Upon information and belief, EXPERIAN is a "consumer reporting agency" within the meaning of the FCRA as defined by 15 U.S.C. §1681a(f) and regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports or investigative consumer reports to third parties.

12. Upon information and belief, EQUIFAX is a "person" within the meaning of the FCRA as defined by 15 U.S.C. §1681a(b).

13. Upon information and belief, EQUIFAX is a "consumer reporting agency" within the meaning of the FCRA as defined by 15 U.S.C. §1681a(f) and regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports or investigative consumer reports to third parties.

14. On June 1, 2011, KROLL accessed and/or obtained Todd's consumer report from EXPERIAN, and EQUIFAX. Upon information and belief, KROLL supplied information to EXPERIAN, and EQUIFAX that the consumer reports were being ordered for Principled Mortgage Group, (herein "PMG") allegedly for mortgage purposes. KROLL prepared, issued, assembled, transferred and otherwise reproduced a consumer report regarding Todd to a third party on June 1, 2011. At all times relevant herein, Todd had access to a tri-merge credit report that was issued to Todd by a third party that showed the KROLL inquiry on Todd's EQUIFAX and EXPERIAN credit report. As a result of ordering the tri-merge report from a third party, it did not contain an EXPERIAN report number.

15. Upon information and belief, PMG a/k/a Principled Mortgage Services, Ltd. was a Texas limited liability company whose charter was revoked by the Texas Secretary of State in August 2009.

16. On or about June 1, 2011, Todd contacted KROLL after learning that his consumer report had been accessed and notified KROLL that he did not authorize the inquiry of June 1, 2011 and disputed the inquiry.

17. On or about June 2, 2011, Todd faxed KROLL and notified KROLL that Todd did not authorize PMG to access or obtain his consumer report.

18. At the time KROLL accessed Todd's EQUIFAX and EXPERIAN consumer report, KROLL and PMG did not have Todd's permission or authorization to access any of Todd's consumer reports and the reports were not accessed or obtained:

    a) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury;

    b) In accordance with the written instructions of Todd;

    c) With having reason to believe it intended to use the information in connetion with a credit transaction involving Todd and involving the extension of credit to, or review or collection of an account of Todd's;

    d) With having reason to believe it intended to use the information for employment purposes;

    e) With having reason to believe it intended to use the information in connection with the underwriting of insurance involving Todd;

    f) With having reason to believe it intended to use the information in connection with a determination of Todd's eligibility of a license or other benefit granted by a

governmental instrumentality required by law to consider Todd's financial responsibility or status;

g) With having reason to believe it intended to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risk associated with, an existing credit obligation;

h) For a legitimate business need for the information in connection with a business transaction that was initiated by Todd or to review an account to determine whether Todd continued to meet the terms of the account;

i) As executive departments and agencies in connection with the issuance of government-sponsored individually billed travel charge cards;

j) In response to a request by the head of a State or local child support enforcement agency;

k) As an agency administering a State plan under section 654 of title 42 for use to set an initial or modified child support award; and/or

l) As the Federal Deposit Insurance Corporation or the National Credit Union Administration.

19. On information and belief, on June 29, 2011, KROLL mailed correspondence to EQUIFAX notifying EQUIFAX of Todd's dispute of the June 1, 2011 inquiry by KROLL and requesting that EQUIFAX delete the inquiry.

20. On information and belief, EQUIFAX received and read the June 29, 2011 letter mailed by KROLL but made the decision not to take any actions based on the letter.

21. EQUIFAX willfully and/or negligently failed to conduct an investigation into the June 1, 2011 inquiry within 30 days of receipt of the June 29, 2011 letter mailed by KROLL and the

failure to investigate after receipt and review of the June 29, 2011 letter mailed from KROLL constitutes willfully and/or negligently failed to adopt and/or follow reasonable procedures to assure the maximum possible accuracy of Todd's consumer report.

22. On information and belief, on June 29, 2011, KROLL mailed correspondence to EXPERIAN notifying EXPERIAN of Todd's dispute of the June 1, 2011 inquiry by KROLL and requesting that EXPERIAN delete the inquiry.

23. On information and belief, EXPERIAN received and read the June 29, 2011 letter mailed by KROLL but made the decision not to take any action based on the letter.

24. EXPERIAN willfully and/or negligently failed to conduct an investigation into the June 1, 2011 inquiry within 30 days of receipt of the June 29, 2011 letter mailed by KROLL and the failure to investigate after receipt and review of the June 29, 2011 letter mailed from KROLL constitutes willfully and/or negligently failed to adopt and/or follow reasonable procedures to assure the maximum possible accuracy of Todd's consumer report.

25. On August 8, 2011, Todd called EQUIFAX to dispute the KROLL inquiry.

26. Todd was informed that he needed to speak with Vicki Banks.

27. Todd left a message on the voicemail of Vicki Banks on August 8, 2011.

28. On August 8, 2011, Vicki Banks called Todd.

29. During the course of the August 8, 2011 conversation with Vicki Banks, Todd disputed the June 1, 2011 inquiry by KROLL.

30. Although disputed directly to EQUIFAX on August 8, 2011, EQUIFAX, failed to conduct an investigation into Todd's dispute within 30 days.

31. On August 8, 2011, Todd called EXPERIAN to dispute the KROLL inquiry.

32. Upon calling EXPERIAN, Todd was instructed via a prerecorded message that he needed a current copy of his EXPERIAN consumer report with a report number to be connected to a representative. Without having a current EXPERIAN consumer report with a report number, Todd was unable to reach a live EXPERIAN representative to initiate a dispute of the KROLL inquiry.

33. Todd ordered an updated copy of his EXPERIAN consumer report on August 8, 2011.

34. Todd's August 8, 2011 ordering of his EXPERIAN consumer report was based solely for the purpose of obtaining a report number to call EXPERIAN back to initiate a dispute.

35. Todd was required to pay money to obtain the updated EXPERIAN consumer report with a report number on August 8, 2011.

36. After obtaining an EXPERIAN consumer report with a report number, Todd called EXPERIAN on August 8, 2011.

37. During the August 8, 2011 call to EXPERIAN, Todd disputed the June 1, 2001 inquiry by KROLL. The EXPERIAN representative told Todd he could not dispute the credit inquiry.

38. Although disputed directly to EXPERIAN on August 8, 2011, EXPERIAN failed to conduct an investigation into Todd's dispute within 30 days.

39. EQUIFAX and EXPERIAN each have procedures that require employees to inform consumers, such as Todd, that they cannot dispute an inquiry directly with EQUIFAX and/or EXPERIAN and/or EQUIFAX and EXPERIAN have policies and procedures designed to not conduct reinvestigations into credit inquiries even after receiving a dispute from a consumer like Todd.

40. There is no provision in FCRA that allows Defendants to refuse to investigate a credit inquiry.

41.     Todd has a right under 15 U.S.C.§ 1681i to dispute an inquiry appearing on his consumer report.

42.     EXPERIAN and EQUIFAX had a duty to conduct a reinvestigation under 15 U.S.C. § 1681i based on Todd disputing a credit inquiry.

43.     Through the refusal to investigate Todd's dispute relating to the inquiry and/or failing to delete or investigate the inquiry based on KROLL's June 29, 2011 to the defendants, EXPERIAN and EQUIFAX each failed to adopt and/or follow reasonable procedures to assure the maximum possible accuracy of Todd's consumer credit report, as required by the FCRA.

44.     EXPERIAN, by and through their prerecorded message, required Todd to be charged a fee to obtain his consumer report for the purpose of initiating a dispute, thereby effectively not allowing Todd to request a reinvestigation free of charge.

45.     Communicating with EXPERIAN to notify EXPERIAN of the disputed item is a part of the reinvestigation process. Specifically, receiving notification of a disputed item starts the reinvestigation requirements under 15 U.S.C. § 1681i. Requiring Todd to purchase an EXPERIAN consumer report to obtain an EXPERIAN report number to initiate a reinvestigation constitutes the charging of a fee for the reinvestigation.

46.     Todd's EXPERIAN and EQUIFAX consumer report was inaccurate due to the reporting of the KROLL inquiry upon Todd filing the Complaint in this action based on the June 1, 2011 inquiry and Todd's EXPERIAN and EQUIFAX consumer reports.

47.     Todd's EXPERIAN and EQUIFAX consumer report has been disseminated to third parties with the inaccurate credit inquiry of June 1, 2011 contained therein.

48.     The actions and inactions of the Defendants were the direct and proximate cause of emotional distress on the part of Todd and caused unnecessary distress. Todd has suffered

monetary damages and actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, feelings of hopelessness, amongst other negative emotions as a result of the illegal actions and/or inaction of each defendant.

## **FACTS – DEFENDANTS KNOWLEDGE OF THEIR WRONGFUL CONDUCT**

49. Defendants each knew and continues to know that it must adopt and/or follow reasonable procedures to assure the maximum possible accuracy of Todd's consumer credit report, as required by the FCRA.

50. Each defendant has agreed to follow and understand they must follow the requirements of the FCRA including:

- 15 U.S.C. § 1681i(a)(1)(A) which states:

"Subject to subsection (f), if the completeness or accuracy of any item of information in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notified the agency directly, or indirectly though a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is accurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice fo the dispute form the consumer or reseller."

- 15 U.S.C. §1681e(b) which states:

"Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

51. Each defendant reported an inquiry on Todd's consumer reports of June 1, 2011 by Kroll.

52. Each defendant received at least one dispute from Todd relating to the June 1, 2011 inquiry by Kroll.

53. Each defendant knows that a user of a credit report of Todd would see the June 1, 2011 inquiry by Kroll or before September 8, 2011.

54. Each defendant did not reinvestigate Todd's August 8, 2011 dispute of the inquiry within 30 days.

55. Each defendant knows that a hard inquiry may have a negative impact and harm Todd, Todd's credit worthiness, and/or Todd's credit score.

56. Each defendant knows it is an extraordinarily easy matter to investigate and/or remove the June 1, 2011 inquiry.

57. Each defendant chose not to reinvestigate and/or remove the June 1, 2011 inquiry upon Todd's August 8, 2011 disputes.

58. The choice not to investigate the June 1, 2011 inquiry as a result of Todd's dispute to each defendant was made knowing that FCRA requires each defendant to conduct a reinvestigation into a disputed item by a consumer.

59. Defendants have a policy and procedure to refuse to process inquiry disputes of consumers, like Todd.

60. EXPERIAN has a policy and procedure to require consumers, like Todd, to purchase an EXPERIAN consumer report to get a report number prior to being able to request a dispute via phone.

## FACTS – SUMMARY OF WRONGFUL CONDUCT

61. It is a practice of the Defendants to maliciously, willfully, recklessly, wantonly, and/or negligently violate, ignore, and refuse to follow the requirement of the FCRA as stated herein.

62. All actions taken by employees, agents, servants, or representatives of any type for Defendants were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

63. All actions taken by each Defendant were done with malice, were done wantonly, recklessly, intentionally or willfully, and were done with either the desire to harm Reese and/or with the knowledge that their actions would very likely harm Todd and/or that their actions were taken in violation of the law.

64. Defendants have each engaged in a pattern and practice of wrongful and unlawful behavior with respect to failure to reinvestigate credit inquiries and consumer reports and therefore Defendants are each subject to punitive damages, statutory damages, and all other appropriate measures to punish and deter similar future conduct by Defendants and similar companies.

COUNT ONE: Negligent violation of 15 U.S.C. §1681e(b) as to EQUIFAX

65. Todd repeats and reiterates herein all previous paragraphs.

66. In the entire course of action, EQUIFAX negligently violated 15 U.S.C. §1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Todd. Specifically, failing to properly handle the June 29, 2011 letter from KROLL requesting deletion of the inquiry caused inaccurate information to remain on Todd's EQUIFAX credit report.

67. Todd was damaged as a result. The violation of 15 U.S.C. § 1681e(b) entitles Todd to relief pursuant to 15 U.S.C. §1681o.

68. EQUIFAX is liable to Todd for his damages.

WHEREFORE, Todd demands judgment against EQUIFAX for actual and compensatory damages, the costs of this action, and any other relief deemed just and appropriate.

### COUNT TWO: Willful violation of 15 U.S.C. §1681e(b) as to EQUIFAX

69. Todd repeats and reiterates herein all previous paragraphs.

70. In the entire course of action, EQUIFAX violated 15 U.S.C. §1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Todd. Specifically, failing to properly handle the June 29, 2011 letter from KROLL requesting deletion of the inquiry caused inaccurate information to remain on Todd's EQUIFAX credit report. The violation was willful, wanton, and/or with reckless disregard to the rights of Todd. Accordingly, Todd is entitled to punitive damages.

71. Todd was damaged as a result. The violation of 15 U.S.C. § 1681e(b) entitles Todd to relief pursuant to 15 U.S.C. §1681n.

72. EQUIFAX is liable to Todd for his damages.

WHEREFORE, Todd demands judgment against EQUIFAX for actual damages, compensatory damages, statutory damages, and punitive damages the costs of this action, and any other relief deemed just and appropriate.

### COUNT THREE: Willful violation of 15 U.S.C. §1681i as to EQUIFAX

73. Todd repeats and reiterates herein all previous paragraphs.

74. In the entire course of action, EQUIFAX violated 15 U.S.C. §1681i by failing to conduct a reasonable reinvestigation of the June 1, 2011 inquiry when Todd called EQUIFAX to dispute the completeness or accuracy of the same on August 8, 2011. The violation was willful, wanton, and/or with reckless disregard to the rights of Todd. Accordingly, Todd is entitled to punitive damages.

75. Todd was damaged as a result. The violation of 15 U.S.C. § 1681e(b) entitles Todd to relief pursuant to 15 U.S.C. §1681n.

76. EQUIFAX is liable to Todd for his damages.

WHEREFORE, Todd demands judgment against EQUIFAX for actual damages, compensatory damages, statutory damages, and punitive damages the costs of this action, and any other relief deemed just and appropriate.

### COUNT FOUR: Negligent violation of 15 U.S.C. §1681e(b) as to EXPERIAN

77. Todd repeats and reiterates herein all previous paragraphs.

78. In the entire course of action, EXPERIAN negligently violated 15 U.S.C. §1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Todd. Specifically, failing to properly handle the June 29, 2011 letter from KROLL requesting deletion of the inquiry caused inaccurate information to remain on Todd's EXPERIAN credit report.

79. Todd was damaged as a result. The violation of 15 U.S.C. § 1681e(b) entitles Todd to relief pursuant to 15 U.S.C. §1681o.

80. EXPERIAN is liable to Todd for his damages.

WHEREFORE, Todd demands judgment against EXPERIAN for actual and compensatory damages, the costs of this action, and any other relief deemed just and appropriate.

### COUNT FIVE: Willful violation of 15 U.S.C. §1681e(b) as to EXPERIAN

81. Todd repeats and reiterates herein all previous paragraphs.

82. In the entire course of action, EXPERIAN violated 15 U.S.C. §1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Todd. Specifically, failing to properly handle the June 29, 2011 letter from KROLL requesting deletion of the inquiry caused inaccurate information to remain on Todd's EXPERIAN credit report. The violation was willful, wanton, and/or with reckless disregard to the rights of Todd. Accordingly, Todd is entitled to punitive damages.

83. Todd was damaged as a result. The violation of 15 U.S.C. § 1681e(b) entitles Todd to relief pursuant to 15 U.S.C. §1681n.

84. EXPERIAN is liable to Todd for his damages.

WHEREFORE, Todd demands judgment against EXPERIAN for actual damages, compensatory damages, statutory damages and punitive damages the costs of this action, and any other relief deemed just and appropriate.

### COUNT SIX: Willful violation of 15 U.S.C. §1681i as to EXPERIAN

85. Todd repeats and reiterates herein all previous paragraphs.

86. In the entire course of action, EXPERIAN violated 15 U.S.C. §1681i by failing to conduct a reasonable reinvestigation of the June 1, 2011 inquiry when Todd called EXPERIAN

to dispute the completeness or accuracy of the same on August 8, 2011. The violation was willful, wanton, and/or with reckless disregard to the rights of Todd. Accordingly, Todd is entitled to punitive damages.

87.     Todd was damaged as a result. The violation of 15 U.S.C. § 1681e(b) entitles Todd to relief pursuant to 15 U.S.C. §1681n.

88.     EXPERIAN is liable to Todd for his damages.

WHEREFORE, Todd demands judgment against EXPERIAN for actual damages, compensatory damages, statutory damages, and punitive damages the costs of this action, and any other relief deemed just and appropriate.

### COUNT SEVEN: Willful violation of 15 U.S.C. §1681i(a) as to EXPERIAN

89.     Todd repeats and reiterates herein all previous paragraphs.

90.     In the entire course of action, EXPERIAN violated 15 U.S.C. §1681i(a) by causing Todd to expend money to initiate a dispute by and through its policy of requiring Todd to obtain a report from EXPERIAN to obtain an EXPERIAN report number prior to being connected to a live EXPERIAN employee to initiating a dispute. The violation was willful, wanton, and/or with reckless disregard to the rights of Todd. Accordingly, Todd is entitled to punitive damages.

91.     Todd was damaged as a result. The violation of 15 U.S.C. § 1681e(b) entitles Todd to relief pursuant to 15 U.S.C. §1681n.

92.     EXPERIAN is liable to Todd for his damages.

WHEREFORE, Todd demands judgment against EXPERIAN for actual damages, compensatory damages, statutory damages, and punitive damages the costs of this action, and any other relief deemed just and appropriate.

## TRIAL BY JURY

93.     Todd requests trial by jury


Respectfully submitted:/s/ Michael Todd
Michael Todd, Plaintiff
9134 Del Prado Dr., 2N
Palos Hills, IL 60465
Ph. 708-576-8156
mtodd75682@aol.com

CERTIFICATE OF SERVICE

I, Michael Todd, hereby certify that on November 16, 2011, I caused to be filed the First Amended Complaint via the CM/ECF System, which sent electronic notification to the following:

Thomas Hackney
thackney@jonesday.com

Jeremy S. Unruh
junruh@polsinelli.com

Brian Olson
bjolson@kslaw.com

/s/ Michael Todd
Michael Todd